IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KENYON E. ROBERTSON, MIKEDA S. BARNES,<br><br>Plaintiffs,<br><br>v.<br><br>ABM AVIATION, DELTA AIRLINES, INC; RHODE ISLAND AIRPORT CORPORATION; and CITY OF WARWICK,<br><br>Defendants. | 26-cv-724-JJM-RLA |

**ORDER**

Kenyon E. Robertson and Mikeda S. Barnes have filed, along with the Complaint, a Motion on behalf of Mr. Robertson to Proceed *In Forma Pauperis* ("IFP"). ECF No. 2. The filing of that Motion creates an obligation on the part of the Court to determine whether the Complaint states a plausible federal claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 667 (2009) (plausible claim standard); 28 U.S.C. § 1915(e)(2)(B)(ii) (screening required). No IFP Motion can be granted unless the Complaint meets the *Iqbal* standard.

First, as a procedural matter, Ms. Barnes has filed an independent Complaint naming the same four defendants. Barnes v. ABM Aviation, No. 26-cv-00722-JJM-RLA. While Ms. Barnes is listed in the caption to *this* Complaint, she is not identified

as a Plaintiff in the section of the form requiring plaintiffs to be described. ECF No. 1 at 1. The Court infers from that, and the fact that the IFP Motion is filed on behalf of Mr. Robertson alone, that this action was intended to be brought only by Mr. Robertson, and Ms. Barnes is DISMISSED.

This Complaint requires significant amendment to state a plausible claim for relief. As it is written now, it is simply a listing of federal and state statutes allegedly violated. In the Statement of Claim section, the Plaintiff recounts steps taken, presumably to seek remedies. Nowhere in the Complaint are there statements of factual support to sustain any of the alleged violations.

While every *pro se* Plaintiff like this one is entitled to a certain latitude in pleadings, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), he nonetheless must adhere to basic rules of procedure. *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). In an Amended Complaint, which he may file on or before November 30, 2026, he should keep the following in mind:

1. Pursuant to Fed. R. Civ. P. 8(a), a Complaint should consist of a short and plain statement showing entitlement to relief. Although it should be "short," it must contain sufficient factual assertions to back up the allegations of violation of federal and state law. It should describe what happened to the Plaintiff that leads him to believe federal and/or state law was violated.
2. The Complaint must include factual statements, each in a numbered paragraph, and each paragraph should contain a description of a single event.

3. The Complaint must make clear which defendant(s) performed each act alleged and make clear which defendant(s) allegedly violated which statute.
4. Essentially, a Complaint must answer the foundation questions of what happened, specifically who did what, when were the acts done, and how was the plaintiff injured?
5. The Complaint alleges that the Plaintiff is owed money for employment wages. ECF No. 1 at 4. Does the Plaintiff intend to allege a violation of either state or federal fair wage statutes? Race discrimination is alluded to; does the Plaintiff intend to allege a violation of Title VII? If so, as with the other statutory violations claimed, an Amended Complaint must set forth a clear factual narrative that supports those allegations. Sexual harassment is mentioned without any elaboration or clear claim for relief. *Id.*

The Plaintiff is afforded until November 30, 2026, to file an Amended Complaint if he chooses to. If no Amended Complaint is filed by that date, or if an Amended Complaint is filed but does not satisfy the plausible claim standard, the case will be DISMISSED. The IFP Motion is deferred.

IT IS SO ORDERED:

***/s/John J. McConnell, Jr.***

____________________________________

JOHN J. MCCONNELL, JR.,
Chief Judge
United States District Court

October 26, 2026